# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:09cr19

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| CHARLES ALLEN HALL. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Reconsideration of District Court Order and Request to Cross Examine Government Witness Helms [Doc.45].

On September 29, 2009, the Court entered an Order which addressed the Defendant's Objections to the Magistrate Judge's Memorandum and Recommendation concerning the Defendant's motion to suppress. [Doc. 40]. The Defendant's objections were titled "Objections to Conclusions of Law and Recommendations Denying Defendant's Motion to Suppress." [Doc. 39]. The Court noted that the Defendant had not objected to the Magistrate Judge's "Findings of Facts." The Defendant now requests that the Court reconsider

1

his objections as having included objections to the factual findings.

The Defendant concedes that the objections do not contain a section in which the factual findings of the Magistrate Judge are specifically attacked. He claims, however, that because he argued his own version of the facts, the Court should have construed that argument as specific objections. He also claims that he asked, in a wholesale manner, that the Court reject the Magistrate Judge's "findings" in the conclusory paragraph of the objections.

Under the category of "Argument," the Defendant addressed sequentially his objections to the Magistrate Judge's legal conclusions. He first argued that the Magistrate Judge erroneously concluded that a misdemeanor warrant authorized the officers' entry into his residence. He next argued that the Magistrate Judge had failed to specify which legal standard was used to determine if the officers had reason to believe the Defendant was present in the house. He also argued that under any version of the standard, the Magistrate's legal conclusion was wrong. Finally, the Defendant objected to the Magistrate Judge's legal conclusion that the length of time spent inside the house was lawful. In the context of discussing why the Magistrate Judge erred in reaching his legal conclusions, the Defendant cited to certain testimony from the suppression hearing. Some of that

testimony was not included in the factual findings made by the Magistrate Judge. In the objections, however, the Defendant did not argue that the Magistrate Judge's factual findings were inaccurate or unsupported by the record. The Court concludes that the Defendant failed to file specific objections to the factual findings of the Magistrate Judge.

The Defendant next argues that he should receive *de novo* review by the District Court in any event. The Memorandum and Recommendation contained a clear notification of the Defendant's right to review.

> The parties are advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed *findings of fact and conclusions [of] law and the recommendations* contained in this memorandum must be filed within ten (10) days after service of same. Failure to file objections to this memorandum with the District Court constitutes a waiver of the right to *de novo* review by the District Court, and may preclude the parties from raising such objections on appeal.

[Doc. 38, at 21-22] (emphasis provided). In the face of this directive to file written objections to the proposed findings of fact, the Defendant failed to do so. He nonetheless argues that this Court should conduct a *de novo* review.

In support of this position, defense counsel cites United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992), a case cited by the Court in its Order. [Doc. 40, at 13]. George stands for the rule that a district court must

consider written objections raised to a memorandum and recommendation even if the issue was not presented in the first instance to the Magistrate Judge. It does not require the District Court to conduct a *de novo* review of unwritten, non-specific objections. Indeed, the Fourth Circuit noted in <u>George</u> that a district court "cannot artificially limit the scope of its review by resort to ordinary prudential rules, such as waiver, *provided that proper objection to the magistrate's proposed finding or conclusion has been made and the appellant's right to <u>de novo</u> review by the district court thereby established*." <u>George</u>, 971 F.2d at 1118. (Emphasis added). The Court of Appeals further held that a "party waives the right to appellate review of a magistrate's decision if it fails to object to the proposed decision before the district court." <u>Id</u>., at n.7; *accord*, <u>Carson v. Williams</u>, 312 Fed.Appx. 546, 547 (4th Cir. 2009) ("Because Carson did not file objections to the magistrate judge's report and recommendation, he waived his right to appeal."); <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310, 315-16 (4th Cir. 2005), <u>cert. denied</u> 546 U.S. 1091, 126 S.Ct. 1033, 163 L.Ed.2d 855 (2006). The Defendant here failed to file written objections to the Magistrate Judge's Findings of Fact and he has waived his right to *de novo* review of those findings.

    The Defendant implores the Court to undertake such a review in any

event, arguing that "the facts were highly contested." [Doc. 45, at 3]. The facts may have been contested at the suppression hearing but the Defendant failed to contest them in the objections. In support of *de novo* review, the Defendant states that "Helms, the officer who applied for the warrant was being untruthful [in his testimony during the hearing]." [Id.]. "Hall also contested the testimony of both officer Abbondanza and Parks. This Court must review and hear the factual evidence in its entirety." [Id.].

The Court noted in its decision that it had reviewed the entire record of the proceedings and had read the transcript from the hearing. [Doc. 40, at 3]. Indeed, in setting forth the procedural and factual background of the case, the Court cited to portions of the transcript that neither the Defendant nor the Magistrate Judge referenced. The factual discrepancies urged by the Defendant in this motion relate to credibility determinations. The Court considered that issue in its Order.

> The Court finds the testimony of the officers at the suppression hearings more credible than that of Phillips[.] "[I]t is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008), *certiorari denied sub nom* Ali v. United States, 129 S.Ct. 1312, 173 L.Ed.2d 584 (2009) (citation omitted); United States v. Harris, 2009 WL 2562741 (4th Cir. 2009) (credibility determinations made in connection with motion to suppress are not reviewed); United States v. Daniels, 308 Fed.Appx. 658, 660 (4th Cir. 2009), *certiorari denied sub nom*

> Daniels v. United States, 129 S.Ct. 2029, 173 L.Ed.2d 1117 (2009) ("Because the district court's ruling was ultimately based on credibility determinations that are not subject to appellate review, we find the district court did not err in denying Daniels' motion to suppress.") (citation omitted).

[Doc. 40, at 6]. In effect, this Court conducted a *de novo* review of the facts, found them to be supported by credible evidence and sustained the Magistrate Judge's credibility determinations.

Defense counsel argued in the objections that the Defendant has a right under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), to cross-examine Officer Helms on the issue of whether he swore under oath to the state magistrate when obtaining the arrest warrant. Without deciding the issue of this very novel application of Crawford, the Court ruled that defense counsel could elect to cross-examine Officer Helms on that issue, and thus fulfill the right of confrontation. Defense counsel has notified the Court that she has elected to cross-examine the officer, Counsel, however goes further and makes the curious argument that "[t]his court must reopen all evidence concerning the arrest warrant and not merely hear partial testimony by Helms. The district court may not sustain the magistrates (*sic*) findings on witness credibility without calling a new hearing at which the witnesses testifies (*sic*) in person." [Doc. 45, at 3]. In support of this

pronouncement, counsel cites United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

In Raddatz, the Supreme Court actually held as follows:

> We first address respondent's contention that under [28 U.S.C. §636], the District Court was required to rehear the testimony on which the Magistrate based his findings and recommendations in order to make an independent evaluation of credibility. ... It should be clear that on [a motion to suppress], the statute calls for a *de novo* determination [if objections are filed], not a *de novo* hearing. We find nothing in the legislative history of the statute to support the contention that the judge is required to rehear the contested testimony in order to carry out the statutory command to make the required "determination."

Raddatz, 447 U.S. at 673-74.

The Court also held that although the District Court could exercise its discretion to conduct a hearing and view the witnesses itself, the statute does not violate due process by its permitting the district court to make a *de novo* determination of contested credibility assessments without personally hearing the live testimony. Id., at 680-81.

By this argument defense counsel has lost sight of the fact that the Court is allowing the cross-examination of officer Helms because the Defendant has claimed that his Sixth Amendment right of confrontation had been violated, and not because the Defendant had preserved any objection to the credibility determinations regarding the testimony of all the witnesses.

7

The Defendant will be allowed to adduce such testimony on cross-examination as may call into question the statements set out in Officer Helms' affidavit. This remedy is intended to address the specific narrow exception raised regarding the affidavit so that a ruling on the <u>Crawford</u> issue will not be necessary.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reconsideration of District Court Order and Request to Cross Examine Government Witness Helms [Doc.45] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant may examine Officer Helms at a hearing to be conducted on Monday, October 19, 2009, at 8:30 a.m. The parties are instructed that during the jury selection no mention is to be made of any issue as to which examination of Officer Helms may be sought.

Signed: October 7, 2009

Martin Reidinger
United States District Judge